JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3847 PA (Ex) | Date | May 22, 2014 |
|---|---|---|---|
| Title | First City Pacific, Inc. v. Home Depot U.S.A., Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

      The Court is in receipt of a Notice of Removal filed by defendant Home Depot U.S.A., Inc. ("Defendant") on May 19, 2014. The Complaint filed by plaintiff First City Pacific, Inc. ("Plaintiff") in Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer. Defendant asserts that this Court has subject matter jurisdiction on the basis of diversity jurisdiction, 28 U.S.C § 1332.

      Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

      Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      Defendant contends removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties, and the amount in controversy exceeds $75,000. Defendant has not met its burden, however, of demonstrating that jurisdiction exists. Defendant alleges that the amount in controversy exceeds $75,000, because the Complaint alleges that Defendant was due and owing for Pass Through Rent in the amount of $204,958. (Compl. ¶ 22.) However, the caption of the Complaint

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3847 PA (Ex) | Date | May 22, 2014 |
|---|---|---|---|
| Title | First City Pacific, Inc. v. Home Depot U.S.A., Inc. | | |

clearly states, "Complaint for Unlawful Detainer." In unlawful detainer actions, the title to the property is not involved — only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).

"It is well settled that damages allowed in unlawful detainer proceedings are only those which result from the unlawful detention and accrue during that time. Although a lessee guilty of unlawful detention may have also breached the terms of the lease contract, damages resulting therefrom are not necessarily damages resulting from the unlawful detention. As such, he is precluded from litigating a cause of action for these breaches in unlawful detainer proceedings." Vasey v. California Dance Co., 70 Cal.App.3d 742, 748, 139 Cal.Rptr. 72 (1977).

Courts may look beyond the pleadings for the limited purpose of determining whether it is legally impossible for plaintiff to recover the damages alleged. See Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986). Under California law, the damages sought in an unlawful detainer action are limited to those directly related to the unlawful detention of the real property in question. See Vasey, 70 Cal.App.3d at 748. Here, the $204,958 allegedly owed in Pass Through Rent is not the amount of damages resulting from the unlawful detention. Defendant has not shown or argued that the reasonable rental value of the premises during the time Defendant occupies the property after the 15-day notice period expired exceeds $75,000. Therefore, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

Based on the foregoing, Defendant has failed to meet its burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. LC101652. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.